IN THE SUPREME COURT OF FLORIDA
(Before a Referee)

THE FLORIDA BAR,

    Complainant,

v.

NICOLE BLAIR DICKERSON,

    Respondent.

Supreme Court Case

No. SC-

The Florida Bar File
No. 2019-30,627 (9D)

_____/

## **FORMAL COMPLAINT FOR RECIPROCAL DISCIPLINE**

    The Florida Bar, complainant, files this Complaint against Nicole Blair Dickerson, Respondent, pursuant to the Rules Regulating The Florida Bar and alleges:

    1.    Respondent is, and at all times mentioned in the complaint was, a member of The Florida Bar, admitted on September 21, 2015, and is subject to the jurisdiction of the Supreme Court of Florida.

    2.    In addition to membership in The Florida Bar, respondent was at all times material a member of the United States District Court for the Middle District of Florida, admitted in 2015, subject to the jurisdiction of the United States District Court for the Middle District of Florida.

    3.    This is a reciprocal discipline action, based on the Report and Recommendation of the Grievance Committee of the United States District Court

for the Middle District of Florida, Orlando Division, and the Order issued by the United States District Court for the Middle District of Florida in <u>United States v. Dickerson</u>, Case No. 6:18-cr-215-Orl-37DCI issued on March 8, 2019, attached hereto and incorporated herein as Exhibits "A" and "B," respectively.

4.   In its Report and Recommendation dated February 15, 2019, the Grievance Committee of the United States District Court for the Middle District of Florida, Orlando Division, considered respondent's actions, as detailed further below, in light of R. Regulating Fla. Bar 4-1.3 and 4-3.2.

5.   The United States District Court, Middle District of Florida, Orlando Division, entered its order on March 8, 2019, adopting the findings and recommendations of the Grievance Committee and imposing upon respondent a one-year suspension from membership in the Bar of the United Stated District Court for the Middle District of Florida with specific reinstatement conditions.

6.   The one-year suspension with conditional reinstatement was based on the following conduct:

A.   In <u>United States v. Rolle</u>, Case No. 6:17-cr-301-Orl-31GJK, respondent failed to appear at status conferences, arrived late to trial on multiple occasions, violated the United States District Court for the Middle District of Florida's Standing Order regarding the possession and use of personal electronic devices in Federal Courthouses in the Middle District of Florida, and failed to

2

timely pay a monetary fine for arriving late to trial.

B.      Respondent failed to appear at a show cause hearing on September 18, 2018, in United States v. Rolle, Case No. 6:17-cr-301-Orl-31GJK which led to initiation of the contempt proceedings against her by the United States District Court for the Middle District of Florida in United States v. Dickerson, Case No. 6:18-cr-215-Orl-37DCI.

C.      In United States v. Ivory, Case No. 6:18-cr-166-Orl-40LRH, respondent delayed a request for a writ of habeas corpus, untimely filed motions for continuances and delayed trial preparation.

D.      In a Florida Fifth District Court of Appeal case, Florida v. Teague, Case No. 18-904, respondent was sanctioned for failing to timely open orders, failing to be familiar with relevant rules and engaging in dilatory conduct that led to her clients' appeals being dismissed.

E.      Further, respondent was late in appearing for her sanction hearing before the Fifth Judicial Circuit Court of Appeals in Florida v. Teague, Case No. 18-904.

F.      Respondent exhibited a pattern of failing to appear, or appearing late, for court hearings, and for other dilatory conduct impacting her clients.

G.      The United States District Court for the Middle District of

3

Florida referred respondent to the Grievance Committee for the Orlando Division of the Middle District of Florida for recommendations regarding respondent's eligibility to practice in the Middle District of Florida and any other appropriate sanctions for failure to comply with Court orders.

H.     The Grievance Committee for the Orlando Division of the Middle District of Florida issued its Report and Recommendation on February 15, 2019 finding that respondent's pattern of misconduct warranted the imposition of serious sanctions.

I.     The United States District Court for the Middle District of Florida directed respondent to file a response to the Report and Recommendation on or before March 6, 2019. Respondent failed to respond, resulting in the Court adopting the Report and Recommendation in its entirety.

J.     Prior to petitioning for reinstatement from her one-year suspension, respondent is required to:

      i.     Submit to the Florida Bar for a comprehensive evaluation;

      ii.     Submit to the Florida Bar's Professionalism Workshop and Stress Management Workshop during the period of the suspension;

      iii.     Attend in person and complete all aspects of a Law Practice Management CLE;

iv.     Attend in person and complete all aspects of the

Practicing with Professionalism CLE;

v.      Pay all outstanding monetary sanctions, fees, and costs

levied against her, in any federal, state, or disciplinary actions, including those

sanctions that may be ordered by the United States District Court for the Middle

District of Florida;

vi.     Complete all remediation ordered by the Florida Bar;

vii.    Complete all remediation ordered by any court, including

reporting of any sanctions orders levied by any court to the appropriate parties;

viii.   Re-read the Florida Rules of Professional Conduct, the

Local Rules of the United States District Court for the Middle District of Florida,

and the United States District Court for the Middle District of Florida's Standing

Order on the Possession and Use of Personal Electronic Devices in Federal

Courthouses in the Middle District of Florida in full and certify in writing to the

United States District Court for the Middle District of Florida that she has done so;

and

ix.     Report to the United States District Court for the Middle

District of Florida her completion of subparagraphs (i) through (ix) of paragraph 4J

on or before the date marking the end of her suspension period.

7.      By reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar:

A.      4-1.3 A lawyer shall act with reasonable diligence and promptness in representing a client.

B.      4-3.2 A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

8.      By operation of Rule 3-4.6, Rules Regulating The Florida Bar, the Order issued by the United States District Court for the Middle District Court of Florida in <u>United States v. Dickerson</u>, Case No. 6:18-cr-215-Orl-37DCI on March 8, 2019 shall be considered as conclusive proof of such misconduct in this disciplinary proceeding.

WHEREFORE, The Florida Bar prays respondent will be appropriately disciplined in accordance with the provisions of the Rules Regulating The Florida Bar as amended.

KESHARA DAVIS COWANS
Bar Counsel
The Florida Bar
Orlando Branch Office
The Gateway Center
1000 Legion Place, Suite 1625
Orlando, Florida 32801-1050
(407) 425-5424
Florida Bar No. 43653
kcowans@floridabar.org
orlandooffice@floridabar.org

ADRIA E. QUINTELA
Staff Counsel
The Florida Bar
Lakeshore Plaza II, Suite 130
1300 Concord Terrace
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 897000
aquintel@floridabar.org

## CERTIFICATE OF SERVICE

I certify that this document has been efiled with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida, with a copy provided via email to Respondent's Counsel, Barry William Rigby, at barryrigbylaw@gmail.com; and that a copy has been furnished by United States Mail via certified mail No. 7017 1070 0000 4774 1848, return receipt requested to Respondent's Counsel, Barry William Rigby, whose record bar address is 2462 East Michigan Street, Suite 106, Orlando, Florida 32806-5059; and via email to Keshara Davis Cowans, Bar Counsel, kcowans@floridabar.org, orlandooffice@floridabar.org, on this 16th day of April, 2019.

ADRIA E. QUINTELA
Staff Counsel

## NOTICE OF TRIAL COUNSEL AND DESIGNATION OF PRIMARY EMAIL ADDRESS

PLEASE TAKE NOTICE that the trial counsel in this matter is Keshara Davis Cowans, Bar Counsel, whose address, telephone number and primary email address are The Florida Bar, Orlando Branch Office, The Gateway Center, 1000 Legion Place, Suite 1625, Orlando, Florida 32801-1050, (407) 425-5424 and kcowans@floridabar.org, orlandooffice@floridabar.org. Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Staff Counsel, The Florida Bar, Lakeshore Plaza II, Suite 130, 1300 Concord Terrace, Sunrise, Florida 33323, aquintel@floridabar.org.

## <u>MANDATORY ANSWER NOTICE</u>

RULE 3-7.6(h)(2), RULES OF DISCIPLINE, EFFECTIVE MAY 20, 2004, PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

In re NICOLE B. DICKERSON,

                                      Case No. 6:18-cr-215-Orl-37DCI

        Respondent.

_____/

## REPORT AND RECOMMENDATION OF THE GRIEVANCE COMMITTEE

Pursuant to U.S. District Judge Roy B. Dalton, Jr.'s Order dated November 16, 2018 (the "Referral Order"), on the matter of attorney Nicole B. Dickerson's ("Respondent") conduct, the Grievance Committee of the U.S. District Court for the Middle District of Florida, Orlando Division (the "Committee") reports and recommends as follows:

### BACKGROUND

### I.      Respondent

Respondent passed the bar in September 2015. She has appeared as counsel in five cases in the Middle District of Florida: Case Nos. 6:09-cr-103, 6:16-cr-256, 6:17-cr-301, 6:17-cv-37, and 6:18-cr-166. All but the last case are currently closed.

### II.    The *Rolle* Case

The conduct at issue first arose during trial before U.S. District Judge Gregory A. Presnell in the case of *United States v. Rolle*, Case No. 6:17-cr-301-Orl-31GJK ("*Rolle*"), in which Respondent appeared as lead counsel for the defendant.

On February 13, 2018, Respondent failed to appear to represent her client at a status conference before Judge Presnell. (*Rolle*, Doc. 16.)

On May 30, 2018, Respondent appeared twelve minutes late to the second day of trial. (*Id.*, Doc. 43.)

1

EXHIBIT A

On August 14, 2018, Respondent failed to appear at another status conference. She called in twenty-one minutes later. (*Id.*, Doc. 91.)

On September 4, 2018, a court security officer ("CSO") noticed Respondent's paralegal, Ms. Edwards, using Respondent's cell phone during trial, in violation of the Court's Standing Order on the Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida. (*See* 6:13-mc-94-Orl-22 ("Standing Order".) According to the CSO, Ms. Edwards was texting, and the light from the phone was disturbing the proceedings. (*See* Court Facility Incident Report dated Sept. 5, 2018) ("Report").) After the CSO confronted Ms. Edwards about using the cell phone in the courtroom during court proceedings, a dispute occurred between Ms. Edwards and the CSO, which, according to the Report, resulted in Ms. Edwards cursing at the CSO and then being escorted out of the courthouse. (*See id.*) Judge Presnell stated that Ms. Edwards is barred from the courthouse. (*Rolle*, Tr. dated Sept. 5, 2018.) Respondent asserted to the Committee that she suspended Ms. Edwards as a result of her conduct.

The following day, September 5, 2018, Respondent again arrived late to trial, this time resulting in the imposition of a $100.00 fine by Judge Presnell. Judge Presnell implicitly referred back to Respondent's prior failures and remarked that the fine was because he was "tired of [her] excuses." (*Rolle*, Tr. dated Sept. 5, 2018.) The Committee notes that Judge Presnell had previously made accommodations for Respondent to begin trial later in the day because Respondent had to drop off her daughters at school; however, despite this accommodation, Respondent was still late.

An order dated September 6, 2018, provided that the fine was due to be paid by September 14, 2018. (*Id.*, Doc. 110.)

### III.    The Late Fine

Respondent failed to pay the fine imposed by Judge Presnell by the September 14, 2018 due date. In a letter to the Committee dated January 10, 2019 ("Letter"), Respondent asserted that she did not become aware of the fine's due date until September 19, 2018, when she was served with an Order to Show Cause by the U.S. Marshal containing the sanctions order. The Committee finds this assertion to be either not credible or inexcusable. Because Respondent was lead counsel on the *Rolle* case, she necessarily would have received electronic notice of the order filed on September 6, which set out the September 14 due date for the fine. She asserted in her Letter to the Committee that she did not click on the link to open that document during trial. The Committee finds that there was no excuse for Respondent not to timely pay the fine, of which she was notified on September 6.

Respondent asserts in her Letter that, after learning of the fine on September 19, she was unable to pay the fine on September 19 or 20. Then on September 21, Respondent was remanded to County Jail, where she served an eight-day sentence. This sentence stemmed from an October 2017 arrest, trial, and conviction on a charge of resisting an officer without violence. In March 2018, the court suspended her sentence on the condition that she complete 100 hours of community service by October 2018 and write a letter of apology to the officers. By July 2018, Respondent asserts that "it became evident that [she] could not complete the hours," and she was set to be remanded to jail on September 21, 2018. (It is unclear whether Respondent wrote the required letter of apology and why she could not complete the court-

ordered community service.) Respondent was released from jail on September 28. She asserted in her Letter that she paid the fine the next business day, on October 1. The Committee notes that no record of the Court receiving the payment is listed on the docket. Notably, during her status conference before Judge Dalton (discussed *infra*), Respondent did not advise the Court of this circumstance.

## IV.    The Contempt Case

As a result of Respondent's violation of the Court's Standing Order, Judge Dalton issued Respondent an Order to Show Cause why she should not be sanctioned. That Order set a hearing for September 18, 2018. Notice of the hearing was sent to Respondent by certified mail. (*See* No. 6:18-cr-215 ("*Dickerson*"), Doc. 1.) The Committee reviewed the mail tracking, which shows that Respondent's paralegal, Ms. Edwards, who was apparently suspended for the court incident the previous week, signed for the package on September 13, 2018. Respondent failed to appear at the hearing.

Respondent's Letter to the Committee asserted that she had failed to "properly train[] Ms. Edwards about mail procedures," and that the incident taught her "how important mail procedures are to a business." Given that this incident occurred in September 2018 and Respondent has owned and operated her own law firm since December 2015, the Committee finds this assertion troubling.

As a result of her failure to appear, failure to timely pay the fine, and violation of the Court's Standing Order, Judge Dalton opened the instant contempt matter and ordered Respondent to appear for a criminal contempt trial on October 3, 2018. After granting a continuance, the case was set for a status conference on November 16, 2018. (Doc. 11.) At that

4

conference, the U.S. Attorney's Office advised Judge Dalton that they did not believe they could proceed with the criminal contempt case because they did not believe that Respondent's actions were willful. Judge Dalton advised that, in the absence of a criminal contempt action, he intended to impose civil contempt sanctions. He stated:

> I find it, frankly, stupefying that a practicing lawyer who wants to appear in the United States District Court would be so cavalier, first of all, about receiving a fine from the presiding judge at all; secondly, not bothering to, as you say, click on the attachment; not bothering to open your mail; not bothering to pay the fine; attempting to pay the fine and being told it must be paid with cash and then saying . . . I guess, that you would just get around to it when you next had an opportunity.

(Tr. dated Nov. 16, 2018.) Judge Dalton accordingly dismissed the criminal contempt case and referred the instant matter to the Committee.

The question before the Committee are what sanctions, if any, should be imposed against Respondent, including whether Respondent should be suspended or removed from the Bar of the Middle District of Florida and whether monetary fines should be imposed.

## V.    Other Issues

The Committee also notes that in *United States v. Ivory*, Case No. 6:18-cr-166 ("*Ivory*"), subsequent to the referral of this matter to the Committee, Magistrate Judge Spaulding denied Respondent's motion for a writ of habeas corpus seeking to transport "a necessary witness for the Defense" to Florida to testify. (*Id.*, Doc. 47.) Judge Spaulding denied that motion because "Counsel for Defendant unduly delayed in requesting the writ," which would have delayed trial. (*Id.*, Doc. 51.) Multiple requests from Respondent for trial continuances were later denied. (*Id.*, Docs. 61, 66.) District Judge Byron, in denying a continuance, chastised Respondent's untimeliness and noted that "the Court does not agree

that delaying in the preparation of one's case in the event it may settle short of trial justifies a continuance." (*Id.*, Doc. 61, p. 3.) Judge Byron further noted that "defense counsel fails to justify the lengthy delay i[n] seeking the issuance of a writ to compel [the witness's] appearance at trial." (*Id.* at 2–3.)

The Committee also notes that in *Florida v. Teague*, Case No. 18-904, subsequent to the referral of this matter to the Committee, the Florida Fifth District Court of Appeal sanctioned Respondent in an Order dated December 10, 2018. That sanction was based on Respondent's failure to timely open orders in cases in which she was listed as counsel of record, her failure to be familiar with relevant rules, and her dilatory conduct which led to her clients' appeals being dismissed. She was also late to her sanctions hearing before that court. In other words: Respondent was sanctioned by the Fifth DCA for the same pattern of behavior she has exhibited in this Court.

With this background, the Committee now considers its recommendations.

## STANDARDS

Rule 4-1.3 of the Florida Rules of Professional Conduct requires that: "A lawyer shall act with reasonable diligence and promptness in representing a client." The comments to that Rule provide: "A lawyer's workload must be controlled so that each matter can be handled competently."

Rule 4-3.2 requires that: "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client." The comments provide: "Dilatory practices bring the administration of justice into disrepute."

The Court's Standing Order provides as follows: "Any attorney . . . may bring any personal electronic device beyond the courthouse's security checkpoint by presenting a valid Florida Bar identification card . . . ." (*Id.* ¶ 2.4.) However, the attorney "may not share [the device] with *anyone*," and "may not use it in a manner that disrupts any judicial proceeding." (*Id.* ¶ 2 (emphasis added).)

## RECOMMENDATION

The Committee's investigation included a review of the Referral Order; a review of the dockets of the *Rolle* case and the instant case, and transcripts from the same; the January 10, 2019 Letter from Respondent to the Committee with attachments; a letter from Assistant U.S. Attorney Kevin C. Frein to the Committee with attachments; the September 5, 2018 Report; and dockets of other cases involving Respondent.

Based on the Committee's investigation, the Committee concludes that serious sanctions are in order. As stated by Judge Dalton during the November 16, 2018 Status Conference, the ability to practice law in the Middle District of Florida is a privilege, not a right. A practitioner in this Court must show that she has an acceptable level of professionalism and competence to practice in Federal Court. The Committee's review of the record leads it to conclude that Respondent has not exhibited those attributes.

The facts that led Assistant U.S. Attorney Frein to advise the Court that the Government would not pursue criminal prosecution of Respondent for contempt are the same facts that support the Committee's recommendation for sanctions. As he put it, "the demand for Ms. Dickerson's services and her providing those services to her clients far outpaced any guidance, instruction, or overall organization within her law firm. It appeared as though there

7

was really no discerning guidance to the two employees that Ms. Dickerson had . . . ." Further, Respondent's Letter to the Committee essentially admitted the lack of training, organization, and professionalism in her office that led to this referral. She also admitted that she had not familiarized herself with the Court's rules, nor had she made certain that her staff was aware of those rules.

While these facts may have absolved Respondent of criminal responsibility for her actions at issue in the *Dickerson* case, they do not justify them. Respondent has exhibited a pattern of failing to appear, or appearing late, for court hearings, and of other dilatory conduct impacting her clients. This pattern is unacceptable regardless of whether those failures are the result of Respondent's intentional misconduct, negligence, or failure to properly hire and train firm employees.

Respondent's Letter advised the Committee of Respondent's background, including a difficult upbringing and the fact that she is a single parent of a child with special needs. The Committee has considered Respondent's Letter and taken it into account in making the recommendations set forth herein. The Committee commends Respondent for the dedication she exhibited in achieving her goal of becoming a lawyer and practicing law.

However, the Committee was concerned by other assertions in the Letter. Respondent states that she did not "intend to cause issues during court" when permitting her paralegal to use her cell phone, yet states, glibly, "Honestly, I would have appreciated even the slightest warning or admonition when the phone was causing a distraction." Respondent states that she disciplined her paralegal for cursing at the CSO, but that paralegal was back in her office a week later, and signed the certified mail receipt accepting the Court's Order to Show Cause,

which was apparently never opened by Respondent or her staff, resulting in Respondent failing to appear at the hearing. Respondent states that she has taken Judge Dalton's and Judge Presnell's admonitions to heart, yet within the next few months, she delayed on filing an important motion in another case, causing Judge Byron to chastise her, and was late to another hearing—her own sanctions hearing before the Fifth DCA. She states that she learns from her past mistakes so she will not commit them again; yet, after Judge Presnell chastised her on several occasions for being late and missing court entirely—even after he made accommodations for her—she was late yet again. She states that she believes the Court made an unfair "characterization" when Judge Dalton told her she did "not bother" to complete certain tasks, and that the Court's conclusion was "wrong" when it determined that she did not take the sanction seriously. Yet, it is indisputable that she did not click on an Order *sanctioning her* and did not open certified mail from the District Court. It is indisputable that she did not advise Judge Dalton of her County Court incarceration during the time before she paid the fine, which is troubling.

The Committee does not believe that Respondent has truly reckoned with how her behavior has formed a pattern of unprofessionalism that has not only delayed the Court system and the administration of justice, but has also impacted her clients, as well.

In sum, Respondent has violated the Florida Rules of Professional Conduct as well as multiple Orders of this Court. The Committee concludes that Respondent has not demonstrated the competence and professionalism necessary to practice in the Middle District of Florida.

## CONCLUSION

Accordingly, the Committee RECOMMENDS that the Court enter an Order as follows:

1.      Referring Respondent to the Florida Bar;

2.      Suspending Respondent from the Bar of the Middle District of Florida for a period of twelve (12) months, effective as of thirty (30) days from the date of the Order, which period is intended to permit Respondent to deal with her existing caseload and protect the interests of her existing clients during her suspension and lasting until the reinstatement conditions are met;

3.      Prohibiting Respondent from taking on new cases in the Middle District of Florida, effective as of the date of the Order and lasting until she is reinstated to the Bar of the Middle District of Florida;

4.      Setting the following reinstatement conditions, which must be met before Respondent is permitted to petition the Bar of the Middle District of Florida for reinstatement:

      a.      Submit to the Florida Bar for a "Comprehensive Evaluation";

      b.      Submit to the Florida Bar's Professionalism Workshop and Stress Management Workshop during the period of the suspension;

      c.      Attend in person and complete all aspects of a Law Practice Management CLE;

      d.      Attend in person and complete all aspects of the Practicing with Professionalism CLE;

e.     Pay all outstanding monetary sanctions, fees, and costs levied against her, in any federal, state, or disciplinary actions, including those sanctions that may be ordered by this Court;

f.     Complete all remediation ordered by the Florida Bar;

g.     Complete all remediation ordered by any court, including reporting of any sanctions orders levied by any court to the appropriate parties;

h.     Re-read the Florida Rules of Professional Conduct, the Local Rules of this Court, and the Court's Standing Order on the Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida in full and certify in writing to this Court that she has done so; and

i.     Reporting to the Court the completion of subparagraphs (a) through (i) of this paragraph on or before the date marking the end of the suspension period.

This report and recommendation will be filed in the docket of the above-captioned case and copies will be provided to Chief Judge Merryday, Judge Dalton, Judge Presnell, Judge Byron, Magistrate Judge Smith, Magistrate Judge Spaulding, and Magistrate Judge Irick.

The Committee requests that the Clerk serve a copy on the Florida Bar should the Chief Judge or Judge Dalton so order.

Respectfully submitted,

/s/ Lauren Millcarek
Lauren Millcarek
Florida Bar No. 100317
lauren.millcarek@hklaw.com
Chair
Grievance Committee
U.S. District Court
Middle District of Florida
Orlando Division

Dated: February 15, 2019.

12

Jan Wichrowski,
Chief Branch Discipline Counsel,
The Florida Bar
 1000 Legion Place, Suite 1625
 Orlando FL 32801-1050

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.                                                        Case No. 6:18-cr-215-Orl-37DCI

NICOLE BLAIR DICKERSON
_____

## ORDER

This case involves an array of unprofessional conduct by Defendant Nicole Blair Dickerson, an attorney appearing in multiple cases before this Court. Following Ms. Dickerson's violation of *In re: Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida*, General Order 6:13-mc-94-22 (M.D. Fla. Sept. 26, 2013) ("**Standing Order**"), the Undersigned set a hearing for September 18, 2018, so Ms. Dickerson could show cause why sanctions should not be imposed for this violation. (Doc. 1; *see also* Doc. 13 (incident report).) When Ms. Dickerson failed to appear, the Court initiated criminal contempt proceedings against her pursuant to 18 U.S.C. § 401 for: (1) violating the Standing Order; (2) failing to appear at the show cause hearing; and (3) failing to timely pay a monetary fine imposed by U.S. District Judge Gregory A. Presnell. (Doc. 1, p. 1.)  The Court set the matter for bench trial commencing October 3, 2018. (*Id.* at 2.)

Following a trial continuance (Doc. 8), the Court held a status conference on November 16, 2018 to ascertain the U.S. Attorney's position on prosecuting criminal contempt proceedings against Ms. Dickerson. (Doc. 11 ("**Status Conference**").) At the

EXHIBIT B

Status Conference counsel for the U.S Attorney's Office informed the Court that based on its investigation, it would be unable to meet the willfulness element of criminal contempt proceedings. (Doc. 14, pp. 3–7.) Thus, the Court dismissed the criminal contempt proceedings against Ms. Dickerson. (*Id.* at 19.) But the Court informed Ms. Dickerson that the situation would be referred to the Grievance Committee for the Orlando Division of the Middle District of Florida ("**Grievance Committee**") for recommendations regarding Ms. Dickerson's eligibility to practice in the Middle District of Florida and any other appropriate sanctions for failure to comply with Court orders. (*Id.* at 19–22.) Now before the Court is the Report and Recommendations of the Grievance Committee dated February 15, 2019. (Doc. 16 ("**R&R**").)

The Grievance Committee's investigation revealed the following: In *United States v. Rolle*, Case No. 6:17-cr-301-Orl-31GJK, Ms. Dickerson: (1) failed to appear at status conferences; (2) arrived late to trial multiple times; (3) violated the Court's Standing Order; and (4) failed to timely pay a monetary fine for arriving late to trial. (*Id.* at 1–4.) Prior to *United States v. Dickerson*, Case No. 6:18-cr-215-Orl-37DCI, Ms. Dickerson failed to appear at the show cause hearing that led to initiation of these contempt proceedings. (*Id.* at 4–5.) In *United States v. Ivory*, Case No. 6:18-cr-166-Orl-40LRH, Ms. Dickerson: (1) delayed in requesting a writ of habeas corpus; (2) untimely filed motions for continuances; and (3) delayed in trial preparation. (*Id.* at 5–6.) And in a Florida Fifth District Court of Appeal case, *Florida v. Teague*, Case No. 18-904, Ms. Dickerson was sanctioned for: (1) failing to timely open orders; (2) failing to be familiar with relevant rules; and (3) dilatory conduct that led to her clients' appeals being dismissed. (*Id.* at 6.)

She also appeared late for her sanctions hearing in that case. (*Id.*) In other words, she was sanctioned for the same behavior she exhibited in this Court. (*Id.*)

Based on its investigation, the Grievance Committee found that her conduct warrants serious sanctions. (*Id.* at 7.) Specifically, the Grievance Committee reasoned that:

> While these facts may have absolved [Ms. Dickerson] of criminal responsibility for her actions at issue in the [contempt] case, they do not justify them. [Ms. Dickerson] has exhibited a pattern of failing to appear, or appearing late, for court hearings, and for other dilatory conduct impacting her clients. This pattern is unacceptable regardless of whether those failures are the result of [Ms. Dickerson's] intentional misconduct, negligence, or failure to properly hire and train firm employees.

(*Id.* at 8.) The Grievance Committee was unconvinced that Ms. Dickerson "has truly reckoned with how her behavior has formed a pattern of unprofessionalism that has not only delayed the Court system and the administration of justice, but has also impacted her clients, as well." (*Id.* at 9.) Ultimately, the Grievance Committee concluded that Ms. Dickerson "has violated the Florida Rules of Professional Conduct as well as multiple Orders of this Court" and that she "has not demonstrated the competence and professionalism necessary to practice in the Middle District of Florida." (*Id.*) So the Grievance Committee recommends the Court impose a number of severe sanctions. (*Id.* at 10–11.)

Following receipt of the R&R, the Court directed Ms. Dickerson to file a response to the R&R on or before March 6, 2019. (Doc. 17.) Ms. Dickerson failed to respond. Upon consideration of the findings and recommendations detailed in the R&R, as well as the Undersigned's own experiences with Ms. Dickerson, the Court agrees with the Grievance Committee and finds that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.   The Report and Recommendations of the Grievance Committee (<u>Doc. 16</u>) is **ADOPTED.**

2.   Nicole Blair Dickerson is **REFERRED** to the Florida Bar.

3.   Beginning Monday, **April 8, 2019**, and continuing through Wednesday, **April 8, 2020**, attorney Nicole Blair Dickerson is **SUSPENDED** from membership in the Bar of the U.S. District Court for the Middle District of Florida.

4.   **Effective immediately**, Ms. Dickerson is **PROHIBITED** from appearing as counsel in any new cases in this District and may not do so until she is reinstated to the Bar of the Middle District of Florida.

5.   Prior to petitioning the Bar of the Middle District of Florida for reinstatement, Ms. District **MUST** meet the following conditions:

     a.   Submit to the Florida Bar for a "Comprehensive Evaluation";

     b.   Submit to the Florida Bar's Professionalism Workshop and Stress Management Workshop during the period of the suspension;

     c.   Attend in person and complete all aspects of a Law Practice Management CLE;

     d.   Attend in person and complete all aspects of the Practicing with Professionalism CLE;

     e.   Pay all outstanding monetary sanctions, fees, and costs levied against her, in any federal, state, or disciplinary actions, including

those sanctions that may be ordered by this Court;

f.      Complete all remediation ordered by the Florida Bar;

g.      Complete all remediation ordered by any court, including reporting of any sanctions orders levied by any court to the appropriate parties;

h.      Re-read the Florida Rules of Professional Conduct, the Local Rules of this Court, and the Court's Standing Order on the Possession and Use of Personal Electronic Devices in Federal Courthouses in the Middle District of Florida in full and certify in writing to this Court that she has done so; and

i.      Report to the Court the completion of subparagraphs (a) through (i) of this paragraph on or before the date marking the end of the suspension period.

6.      The Clerk is **DIRECTED** to:

a.      Send a copy of this Order and the Grievance Committee's Report and Recommendations (Doc. 16) to the Florida Bar.

b.      Distribute a copy of this Order to all judicial officers in the Middle District of Florida.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 8, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record

Lauren Millcarek, Chair of the Grievance Committee for the Orlando Division of the
Middle District of Florida

The Florida Bar

All District and Magistrate Judges in each division of the U.S. District Court for the
Middle District of Florida